IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-01007-RMR-SBP

BRUCE HARRINGTON,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Appeal of the Order Regarding Plaintiff's Motion to Compel Discovery, ECF No. 61. Defendant filed a Motion to Strike as Untimely Filed Plaintiff's Objection or in the Alternative, Motion for Leave to Respond to the Objection, ECF No. 62. For the reasons stated below, the Court OVERRULES the Objection and AFFIRMS Magistrate Judge Prose's Order, ECF No. 60.

### I.  LEGAL STANDARD

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court can modify or set aside a magistrate judge's order on a non-dispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite

and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019).

II. ANALYSIS

Plaintiff objects to the Magistrate Judge's ruling on a discovery dispute regarding six of the proposed topics for Plaintiff's Rule 30(b)(6) deposition of State Farm. After receiving a joint Discovery Statement outlining the parties' dispute over the 30(b)(6) topics, the Magistrate Judge permitted Plaintiff to file a motion to compel and held an informal discovery conference. *See* ECF Nos. 50-56. Thereafter, the Magistrate Judge issued a written order concluding that the six disputed topics are not relevant and proportional and denying the motion to compel discovery as to those topics. In his objection, Plaintiff argues the topics are narrowly crafted to discover relevant information while meeting the proportionality requirement and asks the Court to overturn the Magistrate Judge's order and allow Plaintiff to conduct the 30(b)(6) deposition with the disputed topics.

Defendant filed a motion to strike Plaintiff's objection as untimely or, in the alternative, for leave to respond to the objection. ECF No. 62. The Court finds that Plaintiff's objection is untimely. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of the Magistrate Judge's

2

recommendation to serve and file specific written objections. Here, the Magistrate Judge issued her order on December 20, 2024. Therefore, the deadline for Plaintiff to file his objection was January 3, 2025. Plaintiff did not file his objection until January 7, 2025 – four days after the deadline. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985) and waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

Reviewing under a clear error standard, the Court concludes that, while it is a close call, the Magistrate Judge's decision was not clearly erroneous or contrary to law. Thus, while this Court might have reached a different conclusion based upon this particular set of facts under a de novo review, the Court cannot conclude the Magistrate Judge's decision must be overturned as clear error. Pursuant to Fed.R.Civ.P. 26(b)(1), Plaintiff "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g., Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "[D]iscovery rulings are within the broad discretion of the trial court, and [the Tenth Circuit] will not disturb them absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Kenno v. Colo. Governor's Off. of Info. Tech., Nos*. 21-1353 & 21-1434, 2023 WL 2967692, at *7 (10th Cir. Apr. 17, 2023) (internal quotation marks omitted) (quoting *Cole v. Ruidoso Mun. Sch*., 43 F.3d 1373, 1386 (10th Cir. 1994)), cert. denied, 144 S. Ct. 696, 217 L. Ed. 2d 390 (2024), *reh'g denied*, 144 S. Ct. 1088, 218 L. Ed. 2d 257 (2024); *see also S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (discovery rulings are reviewed for abuse of discretion); *Perkins v. Suzuki Motor Corp*., No. 118CV00893DDDGPG, 2021 WL 5629067, at *3 (D. Colo. Feb. 19, 2021) ("many district courts have applied [the abuse of discretion] standard when reviewing magistrate judges' discovery rulings.").

Here, the Magistrate Judge conducted a discovery conference and concluded that the disputed topics—which involve Defendant's handling of other insureds' claims related to the Marshall fire—are irrelevant, disproportional, and impose an undue burden on Defendant. ECF No. 60 at 12. In his objection, Plaintiff reiterates the same arguments that the Magistrate Judge found unavailing. At the outset, the Court agrees with the Magistrate Judge that in a bad faith case, the handling of other insureds' claims is generally not relevant and proportional. *See, e.g.*, *Stanisavljevic v. Standard Fire Ins. Co*., No. 22-cv-03287-RM-SBP, 2024 WL 2830949, at *6 (D. Colo. June 4, 2024); *Cunningham v. Standard Fire Ins. Co*., No. CIVA 07CV02538REBKLM, 2008 WL 2902621, at *5 (D.

4

Colo. July 24, 2008). However, the Court also recognizes that in this case, Plaintiff's proposed topics are more narrowly crafted and are related to the same fire event and claims within close proximity of Plaintiff's property. These topics may therefore have relevance to Plaintiff's bad faith claim to the extent they may reveal a pattern of delay or denial of payments. *See* C.R.S. § 10-3-1104(1)(h) (describing unfair claim settlement practices as committing or performing certain enumerated acts "with such frequency as to indicate a tendency to engage in a general business practice . . . ."). However, the Magistrate Judge's decision is not clearly erroneous or contrary to law. Therefore, the Court overrules Plaintiff's objection.

### III. CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Appeal of the Order Regarding Plaintiff's Motion to Compel Discovery, ECF No. 61, is OVERRULED; and it is

FURTHER ORDERED that Magistrate Judge Prose's Order on Plaintiff's Motion to Compel Discovery ,ECF No. 60, is AFFIRMED; and it is

FURTHER ORDERED that Defendant's Motion to Strike as Untimely Filed Plaintiff's Objection to Magistrate Judge Order, or in the Alternative, Motion for Leave to Respond to Objection, ECF No. 62, is DENIED AS MOOT.

DATED: January 27, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge